**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 16-cr-05046-01-MDH |
| | ) | |
| MICHAEL EDEN, | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Before the Court is Defendant's *pro se* motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Part B (the "zero-point" provision) of Amendment 821 to the Sentencing Guidelines. (Doc. 63). The government has filed a response stating Amendment 821 does not apply to Defendant and he is therefore ineligible for a reduction under § 3582(c)(2). (Doc. 66).

Following a guilty plea, Defendant was convicted of receipt and distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). The Court calculated a total offense level 36, a criminal history score 2, a criminal history category II, and an advisory guidelines range of 210 to 262 months' imprisonment. The Guidelines range became 210 to 240 months under U.S.S.G. § 5G1.1(c)(1) because the conviction carried a statutory maximum of 240 months. The Court imposed a sentence of 144 months' imprisonment, a departure from the calculated Sentencing Guidelines range, based on diminished capacity.

In general, a federal court "may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). Section 3582(c)(2) provides an exception: a court may modify an otherwise final term of imprisonment when a defendant was originally sentenced under a guidelines range that the

1

Sentencing Commission has subsequently lowered and the reduction is consistent with the applicable policy statement, U.S.S.G. § 1B1.10. *Dillon*, 560 U.S. at 819-22. The court must recalculate the guidelines range as if the amended guideline had been in effect at the initial sentencing, leaving all other guidelines calculations unchanged. U.S.S.G. § 1B1.10(b)(1). If the amendment does not apply to the defendant or his guidelines range does not change, the court may not reduce his sentence. See id. § 1B1.10(a)(2). Even if an amendment applies and reduces a defendant's guidelines range, this Court lacks authority to reduce a sentence below the amended guidelines range. See id. § 1B1.10(b)(2)(A). Notwithstanding *United States v. Booker*, 543 U.S. 220 (2005), these guidelines provisions remain mandatory. See *Dillon*, 560 U.S. at 829-30.

Defendant is not eligible for relief under the new § 4C1.1 because he received criminal history points and is therefore ineligible under § 4C1.1(a)(1). Additionally, the instant offense is also "an offense, perpetrated against a minor" under "chapter 110 of title 18, not including a recordkeeping offense," and therefore, defendant would be ineligible for that reason. See U.S.S.G. § 4C1.1(a)(5), (b)(2). Amendment 821 does not apply to defendant, and he is, accordingly, ineligible for a reduction in sentence. U.S.S.G. § 1B1.10(a)(2)(B).

Wherefore, after careful consideration of the record before the Court, including the arguments contained in the Government's opposition, the Court hereby **DENIES** Defendant's motion.

**IT IS SO ORDERED**.

DATED:  August 1, 2024                    */s/ Douglas Harpool*
                                          **DOUGLAS HARPOOL**
                                          **UNITED STATES DISTRICT JUDGE**